**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6764**

EUGENE JACKSON,

                   Petitioner – Appellant,

      v.

J. R. CARAWAY, Warden,

                   Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:11-cv-01876-WMN)

Submitted:  September 17, 2013     Decided:  October 4, 2013

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eugene Jackson, Appellant Pro Se. Joshua L. Kaul, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Ernst Jackson seeks to appeal: the district court's orders: treating his motion for reconsideration as a successive 28 U.S.C.A. § 2255 (West Supp. 2013) motion and dismissing it on that basis; and denying his motion for reconsideration. The district court's orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Jackson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Jackson's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. <u>See</u> <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h) (West Supp. 2013). Jackson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>